# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT L. TATUM,**
 **On behalf of Blacks (African Americans),**

           Plaintiff,

       -vs-                                                Case No. 15-CV-453

**UNITED STATES OF AMERICA,**

           Defendant.

# SCREENING ORDER

The pro se plaintiff, who is incarcerated at the Wisconsin Secure Program Facility, filed a complaint on behalf of all African American Black people born in the United States. This matter comes before the Court on the plaintiff's petition to proceed *in forma pauperis*. He has been assessed and paid an initial partial filing fee of $3.71.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity, or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in

law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

- 2 -

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

- 3 -

The plaintiff seeks to bring a class action on behalf of all African-American Black people born in the United States, over 20 million people he states, for damages as the result of slavery. The plaintiff, on behalf of the class, also seeks damages for two breaches of contract in which the United States allegedly failed to fulfill the written and verbal contract "to provide Blacks '40 Acres & a Mule' as Compensation for slave labor and for the routine and systematic denial of contractual rights secured to Blacks under the U.S. Constitution." (ECF No. 1 at 6.) The plaintiff describes his claims as follows:

> (1) The U.S. by its institution of Ami-Slavery committed various torts against Blacks such as batteries, invasions of privacy, negligence, intentional infliction of emotional distress, unlawful imprisonments, and by its institution caused intentional generational damages, physical, psychological, emotional, economical, as stated in the facts, obligating the U.S. to employ equally effective counter-measures as reparations to correct those damages. The U.S. has not reasonably attempted effective counter-measures despite its obligations to Blacks to repair the damages caused by Am. Slavery.
>
> (2) The U.S. entered into a binding verbal and written contract with Blacks to prove them '40 acres and a mule,' the equivalent of a sum in today's monetary terms, as a payment for labor services rendered. The U.S. has not fulfilled the terms of this contract and thereby breached the contract entitling Blacks to fulfillment of the terms by court order through their progeny including any due interest and fines.
>
> (3) The U.S. by its enactment and execution of the U.S. Constitution entered into a written contact with Blacks by later Amendments entitling Blacks to the contractual rights

> bestowed with intent to 'secure the Blessing of Liberty' upon them as beneficiaries. The U.S. by its representatives has breached this contract with Blacks by routinely and systematically denying their contractual rights under the U.S. Constitution and denying thereby the intended 'Blessings of Liberty' entitling Blacks to injunctive and/or Habeas Corpus relief.

(ECF No. 1 at 11.) The plaintiff seeks declaratory and injunctive relief, compensatory damages, and habeas corpus relief.

In addition to the complaint, the plaintiff has filed a motion for correction of case caption (ECF No. 5) in which he reiterates that this case is a class action and requests that the caption reflect that to avoid any misconstruction of the claims. The plaintiff also asserts that this is not a "prisoner litigation" claim regarding conditions of confinement and, therefore, the complaint is not subject to screening under the Prison Litigation Reform Act.[1]

Lastly, the plaintiff has filed a motion for 3-judge panel, motion for class certification, and motion for appointment of class and/or interim counsel (ECF No. 6.) By this motion, the plaintiff asserts that while he believes the United States Supreme Court is the correct venue for this case, the Supreme Court will not hear the matter, so at a minimum a 3-judge panel, including at

---

[1] The Prison Litigation Reform Act's screening provision states in relevant part: "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The plaintiff's complaint falls under this statute.

- 5 -

least one circuit judge, must do so.

## Discussion: Standing

"[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990). "Article III, of course, gives the federal courts jurisdiction over only 'cases and controversies,' and the doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process." *Id.* at 154-55.

The doctrine of standing instructs the Court to determine if a party is entitled to a federal resolution of his grievance. *Swanson v. City of Chetek*, 719 F.3d 780, 783 (7th Cir. 2013). A plaintiff must establish three elements to satisfy the standing requirement: (1) a plaintiff must have suffered an "injury in fact:" an invasion of a legally protected interest which is concrete and particularized, and actual and imminent; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable decision. *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "A party generally must assert his own legal rights and interests, and cannot rest his claim on the legal rights or interests of third parties." *Swanson*, 719 F.3d at 783 (quoting *Kowealski v. Tesmer*, 543 U.S. 125, 129 (2004) (internal quotation omitted)).

- 6 -

In *Cato v. United States*, 70 F.3d 1103, 1105 (9th Cir. 1995), descendants of enslaved African-Americans filed a complaint against the United States government seeking damages due to the enslavement of, and subsequent discrimination against, African-Americans. The plaintiffs in *Cato* alleged injuries based on "disparities in employment, income, and education" between African-Americans and other racial groups. *Id.* at 1109. The *Cato* court found that such allegations were insufficient to establish an injury personal to the plaintiffs so as to establish the plaintiffs' standing; rather, such injuries were "a generalized, class-based grievance . . . ." *Id.* Other courts faced with similar complaints have also found that those plaintiffs had failed to establish their standing to litigate claims based on continuing injuries alleged to be the result of slavery. *See, e.g., Bell v. United States,* No. Civ. A. 301CV0338D, 2001 WL 1041792, at *2 (N.D. Tex. Aug. 31, 2001) (plaintiff lacked standing to file suit against United States government seeking damages for the enslavement of African-Americans); *Bey v. United States DOJ,* No. 95 CIV 10401, 1996 WL 413684, at *1 (S.D. N.Y. July 24, 1996) (same); *Langley v. United States,* No. C 95-4227, 1995 WL 714378, at *2 (N.D. Cal. Nov. 30, 1995) (same); *Himiya v. United States,* No. 94 C 4065, 1994 WL 376850, *2 (N.D. Ill. July 15, 1994) ("Although it is extremely regrettable that this country's history, as well as the history of many other countries, includes a significant history of slavery, the plaintiff does not have

- 7 -

proper standing under the law to recover damages for this reprehensible time period."); *see also Long v. United States*, Civil Action No. 1:06CV-P176-M, 2007 WL 2725973 (W.D. Ky. 2007); *Hamilton v. United States*, Civil Action No. 1:10-CV-808, 2012 WL 760691 (E.D. Tex. 2012).

The direct victims of slavery are the plaintiff's ancestors. As the Seventh Circuit Court of Appeals explained:

> [T]here is a fatal disconnect between the victims and the plaintiffs. When a person is wronged he can seek redress, and if he wins, his descendants may benefit, but the wrong to the ancestor is not a wrong to the descendants. For if it were, then (problems of proof to one side) statutes of limitations would be toothless. A person whose ancestor had been wronged a thousand years ago could sue on the ground that it was a continuing wrong and he is one of the victims.

*In re African-American Slave Descendants Litig.*, 471 F.3d 754, 759 (7th Cir 2006). The plaintiff has failed to demonstrate the requisite standing to invoke this Court's jurisdiction. *See e.g., Cato*, 70 F.3d at 1109-10 (finding that the plaintiff does not "have standing to litigate claims based on the stigmatizing injury to all African Americans caused by racial discrimination" and that "she does not trace the presence of discrimination and its harm to the United States rather than to other persons or institutions").

Given that the plaintiff lacks standing on his own, he does not have standing to represent the interest of all African Americans born in the United States. Even if the plaintiff had standing to represent all African Americans,

as a pro se litigant the plaintiff may only represent himself. *See Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002); *see also* 28 U.S.C. § 1654.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for correction of case caption and type of action (ECF No. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for 3-panel judge court, class certification, and appointment of class and/or interim counsel (ECF No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $346.29 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this

action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

Dated at Milwaukee, Wisconsin, this 8th day of July, 2015.

> **BY THE COURT:**
>
> _____
> **HON. RUDOLPH T. RANDA**
> **U.S. District Judge**